Walter R. Hart, J.
In this action wherein plaintiff seeks a judgment declaring that a certain liability policy was in force at the time an accident occurred, on the ground that it was not cancelled in the manner required by section 93-c of the Vehicle *137 and Traffic Law, defendants in opposition to the motion for summary judgment submit an affidavit by the broker that the renewal of the policy was rejected by the plaintiff. The broker states that after sending several premium notices he ’phoned plaintiff and spoke to his wife who stated that the policy could be gotten cheaper elsewhere. There is also an averral that this rejection was ratified by plaintiff personally. The position taken by plaintiff, in reliance on the case of Connecticut Ins. Co. v. Williams (9 A D 2d 461), is that since no written notice of cancellation was mailed the policy was still in effect at the time of the accident so as to confer the benefits thereof on plaintiff. The instant case, however, stands on a different footing since here there was, according to defendants, no cancellation by them but rejection by plaintiff.
Though the statute requires that upon cancellation of a policy, or renewal, notice thereof must be filed with the Motor Vehicle Commissioner within 30 days, the violation thereof creates no rights in plaintiff. The effect of the violation under the circumstances here present, insofar as it affects the rights of persons injured on the highways, is not before the court and therefore need not be determined. Accordingly, plaintiff’s motion for summary judgment is denied.
Defendants’ cross application for summary judgment is also denied. There is a question of fact as to whether the renewal was rejected and coverage terminated at plaintiff’s behest or whether the policy was cancelled by the broker for nonpayment of premium without plaintiff’s consent. If the fact is that the policy was cancelled for nonpayment of premium rather than by rejection by plaintiff, then there was a noncompliance with the statute and the ruling in Connecticut Life Ins. Co. v. Williams (supra) would be applicable. Defendants’ contention that in any event the broker was plaintiff’s agent and that therefore it was excused from liability is invalid. In Connecticut Life Ins. Co. v. Williams the cancellation in a manner contrary to the statute was caused by the broker.