MARY RUTH NIXON v. LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 31 October 1962.)

**1. Insurance § 61—**

Where insurer has given notice to insured of cancellation of an assigned risk policy for nonpayment of premium, specifying the date such cancellation would be effective, the notice being in strict conformity with G.S. 20-310, a passenger injured in an accident while the vehicle was being operated by insured after the effective date of the cancellation may not hold insurer liable, notwithstanding that notice of the cancellation is not given to the Commissioner of Motor Vehicles until after the date of the accident causing the injury.

**2. Same—**

The fact that insurer, after notice to insured of the effective date of cancellation for nonpayment of premium, gives to the Commissioner of Motor Vehicles notice of cancellation effective as of a different date, does not constitute a waiver and does not estop insurer from asserting cancellation as a defense to an action on the policy.

APPEAL by plaintiff from *Pless, J.,* May 21, 1962, Regular "B" Civil Term of MECKLENBURG.

Action to recover benefits under the provisions of an automobile liability insurance policy.

The parties waived trial by jury and submitted the case for the court's determination upon an agreed statement and stipulation of facts.

The facts stipulated are summarized as follows:

On 16 January 1960 defendant insurance company issued to James Henry Johnson (insured) an automobile liability insurance policy covering a Chevrolet automobile owned by insured. The policy was issued to insured as a "non-certified assigned risk" (G.S. Ch. 20, Art. 13), and defendant delivered a Form FS-1 to the Commissioner of Motor Vehicles. At the time the policy was issued insured paid initial premium of $50.00, but paid no premium thereafter. On 6 April 1960 a premium of $29.65 was due and unpaid. On that date defendant, in strict compliance with the provisions of G.S. 20-310 (with reference to giving notice of cancellation *to insured*), mailed to insured a notice of cancellation of the policy for nonpayment of premium, fixing 26 April 1960 as the effective date of cancellation. On 14 May 1960 Mary Ruth Nixon, plaintiff herein, was injured while riding as a guest passenger in the automobile in question, and while it was being operated by insured. On 16 May 1960 insured delivered to defendant at its office in Charlotte a report of the accident in which plaintiff was injured; in less than an hour the report was refused and returned to

insured. On 16 May 1960 defendant mailed from its office in Atlanta, Georgia, to the Commissioner of Motor Vehicles Form FS-4 stating that the policy had been cancelled as of 4 May 1960. The insurance agent (not an agent of defendant) through whom the insurance policy had been procured advised insured by mail on 17 May 1960 that he had received a premium refund for insured, and asked insured to stop by and see him. In July 1960 the agent mailed to insured the refund of $28.18. On 24 May 1960 insured received by mail from the Commissioner of Motor Vehicles Form FS-5, notifying him that the insurance on his automobile had ended. On 2 June 1960 plaintiff instituted suit against insured to recover damages for personal injuries. Defendant was given notice of the suit but refused to defend. A consent judgment for $5,000 and costs was entered in plaintiff's action on 20 July 1960. Execution against insured was returned unsatisfied.

No part of the judgment has been paid. Plaintiff demanded payment of defendant, and defendant refused. Plaintiff then instituted the present action.

The court adjudged that "plaintiff is not entitled to the relief sought," and dismissed the action.

Plaintiff appeals.

*Welling, Welling & Meek for plaintiff.*

*Helms, Mulliss, McMillan & Johnston and E. Osborne Ayscue, Jr., for defendant.*

MOORE, J. This case was here previously. *Nixon v. Insurance Co.,* 255 N. C. 106, 120 S.E. 2d 430. On that appeal the question as to whether the policy was in force at the time of the accident was left open. The legal questions there involved do not arise on this appeal.

The record now before us contains the following stipulations: "The plaintiff concedes that if the cancellation of the . . . policy . . . was effective, she is not entitled to recover . . . ," and "The defendant concedes that if the cancellation . . . was not effective, it is liable to the plaintiff . . . ."

It was further stipulated that the policy was issued to James Henry Johnson as a "non-certified assigned risk," that is, his insurance was issued in conformity with the Vehicle Financial Responsibility Act of 1957 (G.S., Ch. 20, Art. 13). "Under the 1957 Act a person, though his driver's license has not been suspended, may, if he is unable to obtain liability insurance through regular channels, apply for and procure such insurance through the Assigned Risk Plan." *Faizan v. Insurance Co.,* 254 N.C. 47, 118 S.E. 2d 303. See G.S. 20-279.34 and G.S. 20-314. In determining whether there was an effective cancel-

lation of the policy in the instant case, inquiry is whether there was compliance with the requirements of G.S. 20-310. The provisions of G.S. 20-310, pertinent to this appeal, are as follows:

> "No contract of insurance or renewal thereof shall be terminated by cancellation or failure to renew by the insurer until at least fifteen (15) days after mailing a notice of termination to the named insured at the address shown on the policy. Time of the effective date and hour of termination stated in the notice shall become the end of the policy period. . . . Upon the termination of insurance by cancellation or failure to renew, notice of such cancellation or termination shall be mailed by the insurer to the Commissioner of Motor Vehicles not later than fifteen (15) days following the effective date of such cancellation or other termination."

The crux of plaintiff's contention is that the provision of G.S. 20-310 requiring notice of cancellation (Form FS-4) to be "mailed by the insurer to the Commissioner of Motor Vehicles not later than fifteen (15) days following the effective date of such cancellation" is a condition of effective cancellation, that this provision was not complied with and the policy was in force and effect on 14 May 1960, the date of the accident in question. We do not agree.

It was stipulated that the notice of cancellation *to insured* fully complied with the requirements of the statute, that notice was mailed to insured on 6 April 1960, fixing the effective date of cancellation as 26 April 1960. The statute states that "Time of the effective date and hour of termination stated in the notice (to insured) shall become the end of the policy period." This is crystal clear; the cancellation was effective on 26 April 1960 at the hour stated in the notice. Neither defective notice, nor failure to give notice, *to the Commissioner* affects the validity or binding effect of the cancellation; the notice to the Commissioner serves an entirely different purpose. The statute provides for notice to the Commissioner "upon the termination of insurance by cancellation." Hence, the policy is terminated before notice is sent to the Commissioner. Notice to the Commissioner *follows* cancellation. Notice of cancellation could not be mailed to the Commissioner if there had been no cancellation. The language of the statute relative to notice of cancellation to the Commissioner is in sharp contrast with the provision relating to notice to insured. The notice to Commissioner is for the purpose of alerting him to the fact that the motor vehicle owner no longer maintains financial responsibility, and that owner's registration and license plates are subject to recall. We said in the *Faizan* case: "It is true that the provisions for

notice of termination under the 1957 Act (G.S. 20-310) do create the possibility of a hiatus of fifteen days or more in insurance coverage . . . . We believe the Legislature was advertent to this possibility and accepted it as the lesser of two hardships." Cancellation of a policy is not conditioned upon the statutory notice to Commissioner.

In all material respects our 1957 Act was copied from the New York statute. And the provisions of the New York law relative to notices of cancellation are the same as in our statute, except for minor variations not material in this case. The decisions of the New York courts on the very question under consideration in this case are in accord with our opinion herein: *Kyer v. General Casualty Co. of America,* 218 N.Y.S. 2d 185 (1961); *Caristi v. Home Indemnity Co.,* 202 N.Y.S. 2d 340 (1960); *Allstate Ins. Co. v. Altman,* 191 N.Y.S. 2d 270 (1959). Decisions from the other jurisdictions are of little authoritative value because of the differences in the statutes involved. However, we find no cases which are even persuasively contrary to our views. The cases cited by plaintiff are either not in point or easily distinguishable.

Plaintiff pleads estoppel and waiver. She contends that defendant is estopped from asserting cancellation as of 26 April 1960 by its act of preparing and filing Form FS-4 with the Commissioner, showing a later termination. This contention is not sustained. The facts stipulated do not contain the essential elements of estoppel. *Boddie v. Bond,* 154 N.C. 359, 70 S.E. 824. Nor has defendant waived its right to insist that there was a cancellation. The requisites of a waiver do not appear. *Green v. Patriotic Order,* 242 N.C. 78, 87 S.E. 2d 14.

The Judgment below is
Affirmed.