DAVID LEVINSON v. THE TRAVELERS INDEMNITY COMPANY.
AND
MRS. GLORIE LEVINSON v. THE TRAVELERS INDEMNITY COMPANY.

(Filed 1 February 1963.)

**1. Insurance § 61—**

If insurer fails to give insured 15 days notice in conformity with statute of insurer's cancellation of an assigned risk policy of automobile liability insurance, the contract remains in force as to injured third persons; if insurer gives notice in conformity with statute, insurer's obligation ends at the time fixed, notwithstanding insurer fails to notify the Commissioner of Motor Vehicles. G.S. 20-310.

**2. Same;    Insurance § 65—**

If insured requests insurer to substitue another vehicle for the vehicle insured, the operation of the original vehicle thereafter by insured, or under insured's authority, is unlawful, G.S. 20-313, and under the rules of the Commissioner of Insurance in conformity with statute insurer properly uses Form FS-1, and Form FS-4 is not required. G.S. 20-315.

**3. Same;    Insurance § 54—**

Where insured requests insurer to substitute another vehicle for the vehicle insured, and insurer in compliance with the request endorses the policy and issues form FS-1, there is no cancellation of the policy but the policy does not thereafter cover the original vehicle, and no liability can attach to insurer for any injuries inflicted in the negligent operation of the original vehicle by insured or by another with insured's permission.

APPEALS by plaintiffs from *Williams, J.,* June 1962 Civil Term of ROBESON.

On 24 January 1961 plaintiffs were injured in a collision between a 1955 Buick automobile operated by the widow of Donald E. Rutherford and a Chrysler owned by Mrs. Levinson, operated by Mr. Levinson. Plaintiffs, asserting their injuries resulted from the negligent operation of the Buick, sued and obtained judgments against Mrs. Rutherford. Plaintiffs then instituted these actions against defendant claiming it was obligated to pay on the judgments against Mrs. Rutherford the sums named in a policy of liability insurance issued by defendant on 8 May 1960 as an assigned risk to Donald E. Rutherford.

Defendant admitted issuing a policy of liability insurance on 8 May 1960 to Donald E. Rutherford covering a 1956 Ford station wagon and a 1955 Buick. The policy was, at the request of the named insured, amended so as to substitute a 1949 Oldsmobile which replaced the 1955 Buick.

The cases were consolidated. The parties waived jury trial and stipulated the facts. The court adjudged plaintiffs were not entitled to recover.

*Britt and Campbell by David M. Britt for plaintiff appellants.*
*Henry & Henry by Ozmer L. Henry for defendant appellee.*

RODMAN, J.   The policy of insurance issued by defendant was for a term of one year. The collision occurred while the policy was in force. Defendant concedes Mrs. Rutherford comes within the definition of "insured" when operating an automobile for which protection was provided.

The facts determinative of the rights of the parties as stipulated are these: "On 21 July 1960, the said Donald Eugene Rutherford requested defendant to discontinue the insurance provided by said policy on said 1955 model Buick and substitute in the place thereof a 1949 Oldsmobile; pursuant to said request defendant on 21 July 1960 issued an amendment endorsement to said policy for the purpose of discontinuing said policy of insurance on said Buick and substituting a 1949 Oldsmobile. . .Defendant did not file Form FS-4 with the North Carolina Department of Motor Vehicles, but defendant did duly issue Form FS-1 covering 1949 Oldsmobile as a replacement for the 1955 Buick and delivered the same to Donald Eugene Rutherford. Said Form FS-1 was not on file with said Department of Motor Vehicles at the time of the accident in question.

"The 1955 Buick referred to in the original policy, and endorsement thereof, was registered in the name of Donald Eugene Rutherford with the North Carolina Department of Motor Vehicles on the date of said collision, to wit: On January 24, 1961."

Defendant was notified of the institution of the actions against Mrs. Rutherford. It declined to defend, "contending that it provided no coverage on said Buick automobile."

Defendant's liability, if any, is imposed by the Financial Responsibility Act of 1957, c. 1393, S.L. 1957, now c. 20, art. 13 of the General Statutes. Plaintiffs insist liability is imposed by the express language of G.S. 20-310, which requires notice to the Commissioner when a policy is cancelled. Defendant asserts that section is not applicable to the facts of this case.

G.S. 20-315 makes it the duty of the Commissioner of Motor Vehicles to "administer and enforce the provisions of this article relating to registration of motor vehicles and make necessary rules and regulations for its administration." Acting pursuant to this statutory com-

mand, the Commissioner promulgated rules which, as revised in November 1958, were published and distributed under the title "Insurance Handbook."

Rule 1 of the "Handbook" requires insurer to furnish insured a certificate designated as Form FS-1. This form, when completed, gives this information: Name of insured, name of insurer and policy number, effective date of insurance, and a description of the insured vehicle or vehicles. It also contains a space for "Description of Vehicle Replaced if Certificate is Filed for Such Reason." On the reverse side of the form are "Instructions to Vehicle Owner" and to "Insurance Company." Owner is instructed to forward the certificate to the Department of Motor Vehicles. The instructions to insurer provide: "For replacement of vehicle do not use Form FS-4—enter on Form FS-1 the description of the newly covered vehicle in the upper line and the replaced vehicle in the lower line."

Form FS-4 is designated "Notice of Termination." The instructions with respect to this form state: "Do not use this Notice of Termination (FS-4) for replacement of motor vehicle when coverage is continuous. For that purpose use Certificate of Insurance (FS-1)."

Rule V, headed "Replacements — Vehicle Changes," provides, so far as here pertinent: "A. If the vehicle is replaced an FS-1 must be issued on the replacing vehicle. The FS-1 has a space in which to show the description of a replaced vehicle. If this is used, the FS-1 becomes a 'superseding certificate' and serves to certify coverage on the new vehicle and to terminate the filing on the replaced vehicle. In this case, no FS-4 is required." "C. If the car is removed and not replaced an FS-4 must be sent to the Financial Security Section, Department of Motor Vehicles not later than fifteen (15) days following the effective date of removal."

Defendant complied with the rules promulgated by the Commissioner. Plaintiffs assert these rules are in conflict with the express language of the statute, G.S. 20-310, and for that reason afford no protection.

The statute requires an insurer, before it terminates its contractual relationship with its insured, depriving him of protection, to give fifteen days' notice. This gives insured reasonable opportunity to procure other insurance. If the notice fails to conform to the statute, the contract remains in force. *Crisp v. Insurance Co.*, 256 N.C. 408, 124 S.E. 2d 149. When the notice to the insured conforms to the statute and gives him information necessary for his protection, the contractual obligation ends at the time fixed. This is so notwithstanding insurer's failure to notify the Commissioner as directed by G.S. 20-310. *Nixon v. Insurance Co.*, 258 N.C. 41; *Faizan v. Insurance Co.*, 254 N.C. 47,

118 S.E. 2d 303. The statute was intended to protect insured from the acts of the insurer not from his own intentional acts. Operation of a motor vehicle without insurance or deposit for the protection of those injured as a result of its use is a crime. G.S. 20-313.

Here the contractual relationship betweent defendant and Donald Rutherford did not terminate. Defendant continued to afford protection in the operation of two motor vehicles—the Ford and the Oldsmobile which was substituted for the Buick. By policy provision Rutherford was protected if he acquired another vehicle to replace one of the vehicles named in the policy. We take judicial notice of the fact that similar provisions are generally included in automobile liability insurance policies.

These provisions for automatic insurance coverage when replacing an old car with another facilitate the registration and licensing of newly acquired cars. This fact was doubtless the reason which caused the Commissioner, when promulgating rules, to require a single form (FS-1) which describes both the new and the replaced vehicle rather than two forms each containing a part of the information necessary for the proper maintenance of the records in the Commissioner's office. The rules appropriately provide that this FS-1 should be given to the owner of the vehicle replacing one named in the policy. It was unlawful for Rutherford to operate or permit the Oldsmobile to be operated until registered and licensed in his name. With the FS-1 in his possession the insured could register the Oldsmobile and obtain license to operate.

When Rutherford requested the amendment, he in effect said to defendant, "I can damage no one by the 1955 Buick because I will neither operate it nor authorize anyone to operate it after this date." This is so because a replacement vehicle "must replace the car described in the policy which must be disposed of or be incapable of further service at the time of replacement." *Insurance Co. v. Shaffer,* 250 N.C. 45 (52), 108 S.E. 2d 49.

The stipulated facts do not disclose a cancellation of the policy of insurance. They merely show that the policy did not, after 21 July 1960, cover the 1955 Buick. *Underwood v. Liability Co.,* 258 N.C. 211. Insured's act placed the responsibility of notifying the Commissioner that the replaced vehicle was no longer covered on the insured—not the insurer. If the insured had complied with the law, registered and licensed the Oldsmobile, the records in the Commissioner's office would have disclosed the fact that there was no insurance on the Buick. The operation of that vehicle after 21 July by Mrs. Rutherford was unlawful. This unlawful act did not impose liability on defendant.

Affirmed.