**Azor L. TOOLE, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, Appellee.**

**No. 9993.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 4, 1965.

Decided Dec. 2, 1965.

\*    \*    \*    \*    \*

*"Citizens*

Henry Hammer and William H. Gibbes, Columbia, S. C. (Ryan L. Scott, and Berry & Gibbes, Columbia, S. C., on brief), for appellant.

Edward W. Mullins, Columbia, S. C. (Nelson, Mullins, Grier & Scarborough, Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The plaintiff appeals from a judgment of the district court sitting without a jury. On November 19, 1960, the defendant issued and delivered an automobile liability insurance policy to one James Rogers. As of December 28, 1960, the policy was cancelled by the defendant in accordance with its provisions for failure to pay the premium. The accident in which the plaintiff was injured occurred in February 1961. The plaintiff concedes that the policy was effectively cancelled as between the company and its insured but contends that the cancellation was not effective as to the plaintiff because the company failed to comply with the requirements of section 46–138 of the South Carolina Code which reads:

"§ 46–138. Insurers to notify Department of termination of insurance.—Upon the termination of insurance by cancellation or failure to renew, notice of such cancellation or other termination shall be filed by the insurer with the Department not later than five days following the effective date of such cancellation or other termination."

We think the district court was correct in holding that the policy had been effectively cancelled prior to Rogers' accident with the plaintiff. The district court correctly points out that the plaintiff could not rely on section 46–750.26[1] of the Code because that section, a part of the South Carolina Safety Responsibility Act, applies only to the cancellation of certified policies which are issued to persons who have had an accident or whose driver's license had been revoked. The insured, Rogers, never had been involved in an accident nor had his driver's

1. "§ 46–750.26. Notice required to cancel certified policy; cancellation by subsequent policy.—When an insurance carrier has certified a motor vehicle liability policy under § 46–748 or 46–749, the insurance so certified shall not be cancelled or terminated until at least ten days after a notice of cancellation or termination of the insurance certified shall be filed with the Department, except that a policy subsequently procured and certified shall, on the effective date of its certification, terminate the insurance previously certified with respect to any motor vehicle designated in both certificates."

510

license been revoked at the time his policy was cancelled.

We cannot find in the statute which applies to the facts of this case, § 46–138, any intention of the legislature that the policy should remain in effect as to the general public until the 5 days notice was given. The phraseology of § 46–750.26 makes it obvious that the legislature was quite capable of making the cancellation of the policy contingent upon giving notice. In South Carolina insurance is not compulsory until after a driver has had an accident or had his license revoked, and the only requirement with which Rogers would have had to comply in order to retain the license was to pay the $20.00 fee for uninsured drivers. This provision is not for the protection of the general public, but instead provides a fund which enables the insurance companies to offer lower cost protection to insured drivers when they are the victims of uninsured drivers.[2] Such a policy does not compel the interpretation which the plaintiff urges in the face of the statutory language. There are no South Carolina decisions construing the section, but the courts of both North Carolina and New York have held under similar statutes that neither defective notice nor failure to give any notice affects the validity of the cancellation. Levinson v. Travelers Indemnity Co., 258 N.C. 672, 674, 129 S.E.2d 297, 300; Kyer v. General Casualty Co. of America, 14 A.D.2d 649, 218 N.Y.S.2d 185 (1961), appeal denied, 11 N.Y.2d 642, 180 N.E.2d 895. Clouse v. American Mutual Liability Insurance Co., 344 F.2d 18 (4 Cir. 1965), is not apposite. The result in that case depended upon the language of a different statute.

The judgment of the district court is affirmed.

Affirmed.

2. The plaintiff here will collect in any event since his policy contains an uninsured motorist endorsement.