JOHN K. BAILEY T/A BAILEY CAR COMPANY v. NATIONWIDE MUTUAL INSURANCE COMPANY, A CORPORATION

No. 7326DC296

(Filed 8 August 1973)

1. **Insurance § 95— automobile liability policy — termination — notice to Department of Motor Vehicles**

   Where insurance coverage on the vehicle in question was terminated by insured, insurer was not required to notify the Commissioner of Motor Vehicles of termination of coverage on the replaced vehicle before such termination could become legally effective; therefore, trial court erred in concluding that insurer, for failure to provide such notification, was liable for damages sustained by plaintiff when insured drove the uninsured vehicle onto plaintiff's used car lot, striking three cars. G.S. 20-309.

2. **Insurance § 95— automobile liability policy — termination — failure to notify Department of Motor Vehicles**

   G.S. 20-309 (e) does direct the insurer, in event the insurance policy is terminated by the insured, to "immediately notify" the Department of Motor Vehicles that such insurance has been terminated, but since such notice can in any event only be given after the effective date of the termination, a failure or delay in giving the notice will not defeat the termination.

APPEAL by defendant from *Abernathy, District Judge,* 6 November 1972 Session of District Court held in MECKLENBURG County.

Civil action for a declaratory judgment to determine the rights, if any, of plaintiff under a policy of automobile liability insurance issued by defendant. Jury trial was waived and the cause submitted on an agreed statement of facts, which are summarized as follows:

On 14 November 1969 defendant issued to one John Jessie Payton (Payton) an assigned risk automobile liability insurance policy covering a 1959 Plymouth acquired by Payton on or about 17 November 1969 and for which he was issued 1969 N. C. license plate number ZP 3180. The premium on the policy was paid and the policy was in full force on 31 January 1970. On 12 December 1969, at Payton's request, defendant amended the policy by substituting a 1961 Oldsmobile for the 1959 Plymouth. As of 15 October 1970 neither defendant nor Payton had notified the N. C. Department of Motor Vehicles of the substitution. On 31 January 1970 Payton, driving the Plymouth with 1969 N. C. license plate number ZP 3180 and which car was still owned by

Bailey v. Insurance Co.

him, drove the Plymouth across and on the wrong side of a street in Charlotte, N. C., and onto plaintiff's used car lot where he struck and damaged three cars belonging to plaintiff. Thereafter, plaintiff instituted suit against Payton to recover his damages, having a copy of the summons and complaint served on defendant. No defensive pleading was filed in that action and an entry of default and order to docket for trial on the issue of damages have been entered therein. Plaintiff contends defendant is liable to plaintiff, within the limits of the policy, for the damages caused by the Plymouth.

Following a hearing the court entered judgment finding the facts to be as set forth in the stipulations and concluding as a matter of law that defendant is liable, up to the limits of its policy in the minimum statutory amounts under the North Carolina Assigned Risk plan, for the damages, if any, which may be awarded plaintiff in his action against Payton. From judgment in accord with this conclusion, defendant appealed.

*Newitt & Newitt by John G. Newitt, Jr. for plaintiff appellee.*

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr. for defendant appellant.*

PARKER, Judge.

As originally issued, the policy involved in this case provides coverage to Payton, the named insured, during the period 14 November 1969 to 14 November 1970 for liability arising from operation of the 1959 Plymouth. The endorsement to the policy, which was issued at Payton's request effective 12 December 1969, provided that a 1961 Oldsmobile described therein "replaces all other insured automobiles heretofore described in the policy. . . . " The endorsement further expressly provided that "[i]t is understood and agreed that there is no insurance with respect to replaced automobiles." Therefore, by the express language of the policy as amended by the endorsement, no coverage was provided on the Plymouth on 31 January 1970, the date when Payton's operation of the Plymouth caused plaintiff's damages. The question presented by this appeal is whether the defendant insurance company nevertheless remained liable because of failure to notify the Commissioner of Motor Vehicles of termination of coverage on the Plymouth. We hold that it did not.

The parties stipulated that the policy was issued as an assigned risk policy. They also stipulated that the 1959 Plymouth, for which the policy was originally applied and on which it was originally issued, was acquired by the insured, Payton, in November 1969, just three days after the application for the policy was submitted. The application, copy of which was attached as an exhibit to the stipulations, indicates that the applicant, Payton, was not required to file proof of financial responsibility in North Carolina because of a driver license suspension or revocation. Accordingly, while the parties did not expressly so stipulate, from the facts to which they did stipulate and the exhibit attached to their stipulation, it appears that this policy was issued pursuant to and subject to the provisions of the Vehicle Financial Responsibility Act of 1957, G.S. Chap. 20, Art. 13, rather than pursuant to the Motor Vehicle Safety and Financial Responsibility Act of 1953, G.S. Chap. 20, Art. 9. Therefore, G.S. 20-279.22, which provides that a motor vehicle liability insurance policy certified under G.S. 20-279.19 or G.S. 20-279.20 "shall not be cancelled or terminated until at least twenty (20) days after a notice of cancellation or termination of the insurance so certified shall be filed in the office of the Commissioner," does not apply in this case. *Faizan v. Insurance Co.*, 254 N.C. 47, 118 S.E. 2d 303. Accordingly, we must look to other statutory provisions, particularly those contained in G.S. Chap. 20, Art. 13, to determine whether under the facts of this case the insurance company was required to notify the Commissioner of Motor Vehicles of termination of coverage on the Plymouth before such termination could become legally effective.

G.S. 20-309, as in effect at times pertinent to this appeal, contained the following:

"(e) No insurance policy provided [sic] in subsection (d) [i.e., any policy providing liability insurance with regard to a motor vehicle] may be terminated by cancellation or otherwise *by the insurer* without having given the North Carolina Motor Vehicles Department notice of such cancellation fifteen (15) days prior to effective date of cancellation. Where the insurance policy is terminated by the *insured* the insurer shall immediately notify the Department of Motor Vehicles that such insurance policy *has been terminated. . . .* " (Emphasis added.)

Discussing this statute, our Supreme Court in *Insurance Co. v. Cotten*, 280 N.C. 20, 26, 185 S.E. 2d 182, 186, said:

> "G.S. 20-309 (e) expressly distinguishes between a policy terminated by the insurer and a policy terminated by the insured, with reference to when the insurer is required to notify the Department of Motor Vehicles that the policy has been terminated. It is only where the policy has been terminated by the insurer that the statute requires notice to the Department of Motor Vehicles prior to the effective date of cancellation."

The insurance on the Plymouth in the present case was terminated by the insured and not by the insurer. *Levinson v. Indemnity Co.*, 258 N.C. 672, 129 S.E. 2d 297. In that case, in which the facts were very similar to the facts in the present case, one Rutherford was issued on 8 May 1960 an assigned risk policy covering a 1955 Buick. At his request the policy was amended on 21 July 1960 so as to substitute a 1949 Oldsmobile in place of the 1955 Buick, and the policy was discontinued on the Buick. No notice of this was given to the Commissioner of Motor Vehicles. On 24 January 1961 Mrs. Rutherford, while operating the Buick, caused a collision resulting in plaintiffs' damages. The trial court adjudged plaintiffs were not entitled to recover against the insurance company. On appeal, our Supreme Court affirmed, the opinion stating (at p. 675):

> "The stipulated facts do not disclose a cancellation of the policy of insurance. They merely show that the policy did not, after 21 July 1960, cover the 1955 Buick. *Underwood v. Liability Co.*, 258 N.C. 211. Insured's act placed the responsibility of notifying the Commissioner that the replaced vehicle was no longer covered on the insured—not the insurer. If the insured had complied with the law, registered and licensed the Oldsmobile, the records in the Commissioner's office would have disclosed the fact that there was no insurance on the Buick. The operation of that vehicle after 21 July by Mrs. Rutherford was unlawful. This unlawful act did not impose liability on defendant."

[1, 2]  While G.S. 20-309 was from time to time amended after the decision in *Levinson v. Indemnity Co., supra,* the decision is still controlling on the crucial question presented by this appeal, and that is that the insurance coverage on the replaced vehicle under the facts of this case was terminated by action of the

insured and not by action of the insurer. None of the amendments which have been adopted to G.S. Chap. 20, Art. 13, after the decision in *Levinson,* place upon the insurer under circumstances here presented the obligation to notify the Department of Motor Vehicles before termination of insurance coverage on a replaced vehicle can become effective. G.S. 20-309 (e) does direct the insurer, in event the insurance policy is terminated by the insured, to "immediately notify" the Department that such insurance "has been terminated," but since such notice can in any event only be given after the effective date of the termination, a failure or delay in giving the notice will not defeat the termination. *Insurance Co. v. Cotten, supra; Nixon v. Insurance Company,* 258 N.C. 41, 127 S.E. 2d 892.

For the reasons stated, we find the trial court's conclusion of law in error and the judgment appealed from is

Reversed.

Judges BRITT and MORRIS concur.