ALLSTATE INSURANCE COMPANY v. JOHNIE KEITH McCRAE, DONNIE LEE WALL, LEO ELLERBE, JR., AND ANTHONY ELLERBE

No. 8820SC117

(Filed 4 October 1988)

1. **Insurance § 81— automobile liability insurance—assigned risk policy—notice of cancellation required from insurer**

N.C.G.S. § 20-309(e) (1983), applicable at all times relevant to this case, required plaintiff insurer to notify the Division of Motor Vehicles of the lapse in

an insured's automobile liability coverage, and there was no merit to plaintiff's contention that subsection (e) meant that the Commissioner could waive the notice requirement; rather, the words of that statute merely allowed the Commissioner to direct the manner by which the insurer should furnish such notice.

**2. Insurance § 81— automobile liability insurance—termination of assigned risk policy—failure to notify DMV—insurance coverage continued**

Pursuant to N.C.G.S. § 20-309(e) (1983), plaintiff had a duty to notify the Division of Motor Vehicles of the termination of insured's automobile liability policy, and its failure to so notify continued to give effect to the insurance coverage.

APPEAL by plaintiff from *Joseph R. John, Judge.* Judgment entered 15 October 1987 in Superior Court, RICHMOND County. Heard in the Court of Appeals 29 August 1988.

*Henson, Henson, Bayliss & Coates by Paul D. Coates, of Counsel, for plaintiff-appellant.**

*Sharpe & Buckner by Richard G. Buckner for Johnie Keith McCrae, defendant-appellee.*

*Page, Page & Webb by Alden B. Webb for Donnie Lee Wall, defendant-appellee.*

BECTON, Judge.

In this declaratory judgment action, plaintiff, Allstate Insurance Company, seeks to have declared void a policy of automobile liability insurance it issued to Leo Ellerbe, Jr. The trial court granted summary judgment for defendants Johnie Keith McCrae and Donnie Lee Wall, and from this order Allstate appeals. We affirm.

I

The parties do not dispute the pertinent facts. On 13 August 1983, Allstate issued a noncertified assigned risk policy of automobile liability insurance to Leo Ellerbe, Jr. This policy, issued pursuant to The Vehicle Financial Responsibility Act of 1957, N.C. Gen. Stat. ch. 20, art. 13, covered a 1967 Ford automobile, the period of coverage extending from 13 August 1983 until 13 February 1984.

---

* At the time this appeal was filed, Mr. Coates was affiliated with the firm of Henson, Henson, Bayliss & Coates. He has since joined the firm of Nichols, Caffrey, Hill, Evans & Murrelle.

On 5 January 1984, Allstate mailed to Mr. Ellerbe an offer to renew the policy. The offer specified that Mr. Ellerbe could continue his coverage only "BY PREMIUM PAYMENT BY THE DUE DATE, OTHERWISE [THE] CURRENT POLICY WILL EXPIRE WITHOUT FURTHER NOTICE." Mr. Ellerbe did not make payment by the date indicated, 12 February 1984. At no time after 12 February did Allstate notify the Division of Motor Vehicles of the termination of Mr. Ellerbe's policy. On 6 April 1984, the 1967 Ford, in which McCrae and Wall rode as passengers, was involved in a traffic accident.

## II

This appeal presents two questions. The first is whether North Carolina law required Allstate to notify the Division of Motor Vehicles of the lapse in Mr. Ellerbe's insurance coverage. If this question is answered in the affirmative, our second inquiry is whether Allstate's failure to provide such notification meant that Mr. Ellerbe's policy continued to be in effect.

## A

[1] N.C. Gen. Stat. Sec. 20-309(e) (1983), applicable at all times relevant to this appeal, said in part that:

> (e) Upon termination by cancellation or otherwise of an insurance policy provided in subsection (d), the insurer shall notify the North Carolina Division of Motor Vehicles of such termination as directed by the Commissioner of the Division of Motor Vehicles in accordance with subsection (f) of this section.

Subsection (f) in part provided that:

> (f) The Commissioner shall administer and enforce the provisions of this Article and may make rules and regulations necessary for its administration . . . .

Allstate argues that the words "*As directed by* the Commissioner" (emphasis added), when coupled with the enabling language of subsection (f), signify that the Legislature delegated discretion to the Commissioner to waive the notification requirement of subsection (e). Allstate seeks to support its reading of the statute by citing the Commissioner's regulation concerning termination notices, which at that time mandated notification only of

the termination of policies effective for less than six months. N.C. Admin. Code tit. 19A, r. 03C.0300(2)(b) (March 1982). Allstate argues, in short, that because the Commissioner did not direct that notice be given of the termination of a six-month policy, Allstate had no duty under subsection (e) to notify the Division of the lapse in Mr. Ellerbe's insurance.

We do not agree with Allstate's reading of the notification requirement. Further, although the interpretation of a statute by the officer charged with its administration is helpful to a court in construing legislative language, such construction is not controlling. *Faizan v. Insurance Co.*, 254 N.C. 47, 57, 118 S.E. 2d 303, 310 (1961). If there is a conflict between administrative interpretation and that of the court, the latter will prevail. *Id.* Rather than reading the "as directed by" language of subsection (e) to mean the Commissioner could waive the notification requirement, we agree with defendants that the words merely allowed the Commissioner to direct the *manner* by which the insurer should furnish such notice.

Our view is consistent with the mandatory language of subsections (e) and (f). The former directed that the insurer "*shall* notify" and the latter that the Commissioner "*shall* administer and enforce the provisions of this Article." N.C. Gen. Stat. Secs. 20-309(e), (f) (1983) (emphasis added). Subsection (f) gave the Commissioner discretion only in the making of rules and regulations necessary "to administer" the Financial Responsibility Act. It did not invest the Commissioner with authority to override or to modify other provisions of the Act.

The purpose of the notification requirement is to enable the Division to recall the registration and license plate issued for a vehicle unless the owner makes some other provision for compliance with the Financial Responsibility Act. *See Insurance Co. v. Cotten*, 280 N.C. 20, 30-31, 185 S.E. 2d 182, 188 (1971). Surely, a motorist whose six-month policy permits him to obtain license tags for one year cannot be expected, in all cases, to surrender those tags when his policy lapses. To protect innocent third parties from the risks posed by uninsured motorists, our Legislature placed responsibility upon insurance companies to notify the Division of Motor Vehicles that an insured's coverage had ended. Notwithstanding the construction the Commissioner gave to it, we

hold that subsection (e) required Allstate to notify the Division of the termination of Mr. Ellerbe's policy.

We do not anticipate that the rule we announce today regarding the 1983 version of subsection (e) will have an undue impact upon insurers. The General Assembly eliminated the "as directed by the Commissioner" language from the statute, effective as of 15 September 1984, and subsection (e) now plainly requires that "[u]pon termination by cancellation or otherwise of an insurance policy . . . *the insurer shall notify the Division of such termination.*" N.C. Gen. Stat. Sec. 20-309(e) (Supp. 1987) (emphasis added). Subsection (e) today makes even more clear the Legislature's intention in its 1983 wording of the notification requirement.

B

[2] Having concluded that Allstate had an obligation to notify the Division that Mr. Ellerbe's policy had not been renewed, we now examine the effect of Allstate's failure to provide such notice. Allstate insists that Mr. Ellerbe's coverage expired on 13 February 1984 irrespective of Allstate's neglecting to so advise the Division. We believe Allstate's position to be untenable in light of both the legislative history of subsection (e) and the public-policy reasons underlying the Financial Responsibility Act.

Prior to its 1983 version, subsection (e) distinguished, for notification purposes, between policies terminated by the insurer and those terminated by the insured. For example, in instances in which the insurance company cancelled the coverage, subsection (e) at one time required the insurer to give 15-days' notice to the Division prior to the cancellation. N.C. Gen. Stat. Sec. 20-309(e) (1965). Such notification was a prerequisite to effective termination. *See Insurance Co. v. Hale,* 270 N.C. 195, 199-200, 154 S.E. 2d 79, 83-84 (1967); *Insurance Company v. Davis,* 7 N.C. App. 152, 158, 171 S.E. 2d 601, 604 (1970).

On the other hand, when the insured terminated coverage, subsection (e) required the insurance company to notify the Division subsequent to the termination. *See, e.g.,* N.C. Gen. Stat. Sec. 20-309(e) (1965). North Carolina case law uniformly held that, under circumstances in which the insured's own act caused coverage to end, the insurer's notifying the Division was *not* a condition precedent to effective cancellation. *See, e.g., Cotten,* 280 N.C.

at 29, 185 S.E. 2d at 188; *Bailey v. Insurance Co.*, 19 N.C. App. 168, 171-72, 198 S.E. 2d 246, 249 (1973).

The 1983 version of subsection (e) eliminated the distinction between insurer/insured terminations for notification purposes. Regardless of which party cancelled, subsection (e) (1983) required the insurance company to "immediately" provide the Division with notice of the termination. We must attempt to infer what the Legislature intended when it instituted the single notice requirement in the 1983 statute. Either the General Assembly contemplated that notification by the insurer would be a prerequisite to cancellation, or else it considered that the insurer's failure to notify would be of no consequence to effective termination. We incline toward the former view.

From its inception, our courts have seen the Financial Responsibility Act as a remedial statute, protecting persons injured by the negligent operation of automobiles. *See, e.g., Swain v. Insurance Co.*, 253 N.C. 120, 126, 116 S.E. 2d 482, 487 (1960). This remedial purpose is vitiated if the notification requirement of the 1983 statute is read in such a way as to have allowed an uninsured vehicle to operate on our roads without an insurance company being under any effective obligation to alert the Division of lapsed coverage. We do not believe the Legislature intended the notification provision to have been a nullity, allowing insurance companies to ignore subsection (e) without fear of liability. Nor do we believe that the Legislature contemplated that subsection (e) would be read in such a way as to expose innocent individuals to the risk of injury without means of adequate compensatory redress. Rather, we believe that the General Assembly in amending subsection (e) so as to impose a single notification requirement intended such notice to be a condition precedent to the termination of a noncertified assigned risk liability policy. On this basis, the cases relied upon by Allstate, all decided under earlier versions of subsection (e) that differentiated between insurer and insured terminations, can be distinguished.

### III

We hold, therefore, that Allstate had a duty under N.C. Gen. Stat. Sec. 20-309(e) (1983) to notify the Division of Motor Vehicles of the termination of Mr. Ellerbe's policy. Its failure to so notify continued to give effect to the insurance coverage and Allstate,

consequently, was the insurer of Mr. Ellerbe's vehicle on 6 April 1984. The trial court's order granting summary judgment to defendants McCrae and Wall is

Affirmed.

Judges WELLS and PHILLIPS concur.