JAMES PEARSON, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT

No. 8718SC994

(Filed 31 May 1988)

**Insurance § 79— cancellation of automobile insurance—failure to comply with statutory notice requirements**

Mid-term cancellation by the insurer of a compulsory automobile insurance policy for nonpayment of premium installments is not effective unless and until the insurer has strictly complied with the notice requirements of N.C.G.S. § 20-310(f); therefore, the policy under which plaintiff sought coverage had not been cancelled at the time of the accident in question where defendant gave only twelve days' notice of cancellation rather than fifteen as required by the statute.

APPEAL by plaintiff from *Ross, Judge.* Judgment entered 12 June 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 3 March 1988.

*Haworth, Riggs, Kuhn, Haworth and Miller by Barbara K. Moreno for plaintiff appellant.*

*Henson, Henson, Bayliss & Coates by Paul D. Coates for defendant appellee.*

COZORT, Judge.

Plaintiff won a judgment against defendant's insured and then sued defendant to collect part of the judgment under the insured's automobile liability policy. Defendant denied plaintiff's claim, however, because defendant claimed the auto policy had been cancelled for nonpayment of premiums. Plaintiff argues that the notice of cancellation to defendant's insured did not conform with N.C. Gen. Stat. § 20-310(f) and was ineffective. Plaintiff contends that defendant should be forced to pay the insured's judgment debt to plaintiff to the extent of the policy's liability limits. The trial court granted summary judgment for defendant and denied summary judgment for plaintiff. We reverse and remand for entry of summary judgment for plaintiff.

The pertinent facts are:

Plaintiff sued defendant to force defendant to pay a judgment obtained against defendant's insured, Barbara Harrington.

Defendant insured Mrs. Harrington on an automobile liability policy. Mrs. Harrington's husband, Charles Harrington, negligently caused an accident in which plaintiff was injured while he was riding as a passenger in Mrs. Harrington's car, which was being driven by Mr. Harrington. Plaintiff sued the Harringtons and won a $73,000 judgment. Defendant Nationwide was served with a copy of the complaint. Plaintiff's judgment was docketed but remains unsatisfied.

The defendant denied plaintiff's claim under Mrs. Harrington's liability policy. Defendant answered that the policy had been cancelled before the accident because Mrs. Harrington did not pay her premium. The relevant dates and events are as follows:

> *17 April 1981* — Nationwide issued the insurance policy, with Mrs. Harrington agreeing to pay a total premium of $78.79 for six months of coverage. — Mrs. Harrington pays $40.40, and agrees to pay $38.39, the balance of the premium due, upon billing from Nationwide.

> *8 June 1981* — Nationwide mails Mrs. Harrington a premium notice asking her to pay the balance of her premium, $38.79, by 28 June 1981.

> *6 July 1981* — Nationwide mails notice of cancellation for non-payment of premium to Mrs. Harrington notifying her that cancellation will be effective 20 days after payment was due.

> *20 September 1981* — Plaintiff injured in auto accident while Mr. Harrington is driving.

> *17 October 1981* — Original 6-month term of the insurance ends.

Plaintiff contends that defendant's notice of cancellation to Mrs. Harrington was ineffective. Specifically, plaintiff argues that defendant's cancellation notice did not conform with the provisions of N.C. Gen. Stat. § 20-310(f)(2) because it failed to provide a fifteen-day period between the date the notice was mailed and the cancellation date. Under plaintiff's theory, the defendant should be ordered to pay to the extent of policy limits because the accident occurred before the policy expired on 17 October 1981.

N.C. Gen. Stat. § 20-310(f) provides as follows:

(f) *No cancellation* or refusal to renew by an insurer of a policy of automobile insurance *shall be effective unless the insurer shall have given the policyholder* notice at his last known post-office address by certificate of mailing a written *notice of the cancellation or refusal to renew.* Such notice shall:

\*    \*    \*

(2) State the date, not less than 60 days after mailing to the insured of notice of cancellation . . . on which such cancellation or refusal to renew shall become effective, except that *such effective date may be 15 days from the date of mailing or delivery when it is being canceled or not renewed for the reasons set forth in subdivision (1) of subsection (d) and in subdivision (4) of subsection (e) of this section;* . . . (Emphasis added.)

Subsection (d)(1) of § 20-310 provides:

(d) No insurer shall cancel a policy of automobile insurance except for the following reasons:

(1) The named insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof . . . .

Subsection (e)(4) of § 20-310 provides:

(e) No insurer shall refuse to renew a policy of automobile insurance except for one or more of the following reasons:

\*    \*    \*

(4) The named insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy of any installment thereof . . . .

The cancellation of the policy was based on failure to pay premiums. It is clear that the fifteen-day notice rule under § 20-310(f)(2) applies. Defendant mailed the notice of cancellation to Mrs. Harrington on 6 July 1981. The notice stated the effective

date of cancellation to be 20 days after payment was due, which computes to 18 July 1981. Defendant's notice of cancellation was defective because it provided only a twelve-day period between notice and the computed effective date of cancellation. N.C. Gen. Stat. § 20-310(f)(2) obviously requires the insurer to provide a fifteen-day notice period before cancellation becomes effective. The cancellation was ineffective and Mrs. Harrington's policy was still in effect when the accident occurred between plaintiff and Mr. Harrington.

Defendant contends that the cancellation notice "substantially complied" with N.C. Gen. Stat. § 20-310(f)(2), and therefore properly cancelled the policy. We do not agree.

We do not read § 20-310(f)(2) as a "substantial compliance" statute; rather, we believe the General Assembly established a "strict requirement." The language is plain: "No cancellation . . . shall be effective unless the insurer shall have given the policyholder notice . . . of the cancellation . . . . Such notice shall: . . . [s]tate the date . . . on which such cancellation . . . shall become effective . . . ." As to the length of notice required, the statute plainly reads: "Not less than 60 days after mailing . . . except that such effective date may be 15 days from the date of mailing or delivery when it is being canceled [for nonpayment of premiums]." The statute simply does not contemplate a notice of less than 15 days. On this issue, the Supreme Court has said:

> It is true that the provisions for notice of termination under the 1957 Act (G.S. 20-310) do create the possibility of an hiatus of fifteen days or more in insurance coverage. The Legislature undertook to bridge the gap by making it a misdemeanor for an owner to fail to surrender forthwith his registration certificate and plate upon cancellation or failure to renew his policy. However, the possibility of gaps between periods of coverage still remains. We believe that the Legislature was advertent to this possibility and accepted it as the lesser of two hardships.

*Faizan v. Insurance Co.*, 254 N.C. 47, 55, 118 S.E. 2d 303, 309 (1961).

More recently, the Supreme Court said:

We recognize that where a compulsory automobile insurance policy is cancelled by the insurer mid-term or where the carrier refuses to renew a compulsory policy, it is a serious matter for the insured. The provisions of N.C.G.S. 20-310 exist for precisely such cases. They require the carrier to give the policyholder specific notice and in addition provide the insured with the opportunity for a hearing and the right to apply to the Insurance Commissioner for a review of the actions of the insurer in cancelling or refusing to renew the policy.

*Smith v. Nationwide Mut. Ins. Co.*, 315 N.C. 262, 272, 337 S.E. 2d 569, 575 (1985).

In determining whether there is merit to defendant's argument of "substantial compliance," we have also looked at the language of the Notice of Cancellation itself. The "DATE OF NOTICE" specified on the notice is "07-06-81." The notice does not state the date of cancellation. Rather, one must compute the cancellation date by comparing different sections of the cancellation notice. In the upper right-hand corner is found: "PAY PREMIUM OF $39.39 DUE DATE JUNE 28, 1981." Over on the left-hand side, in miniscule print barely discernible to the naked eye, is found: "Because . . . Your premium has not been received, this auto policy is terminated at 12 01 A.M. on the 20th day after the due date." This language obviously falls far short of the statutory requirement that notice of cancellation "shall [s]tate the date . . . on which such cancellation . . . shall become effective . . . ." [A xerographic copy of the notice appears at the end of this opinion.] The defendant's argument concerning "substantial compliance" has no merit.

Defendant also argues that even if the notice did not effectively cancel the policy on the date computed from the notice (18 July 1981), the notice nevertheless was sufficient to cancel the policy fifteen days after it was mailed making cancellation effective 21 July 1981. Under this argument, the policy was still cancelled before plaintiff's accident on 20 September 1981. In support of his argument, defendant relies on *Nationwide Mutual Insurance Company v. Cotten*, 280 N.C. 20, 185 S.E. 2d 182 (1971). We find defendant's argument unpersuasive.

First, we believe defendant's reliance on *Cotten* is misplaced because of distinguishable issues of fact and law. In *Cotten*, the Nationwide Insurance Company filed a declaratory judgment action to determine whether a policy it issued to Cotten afforded coverage for Cotten's liability arising out of an automobile collision on 26 May 1968, or whether there was coverage by reason of an uninsured motorist clause in a policy issued by Allstate Insurance Company to the persons injured in the collision. The decision would be based on whether Nationwide's policy issued to Cotten had been cancelled prior to the collision. The policy was initially issued by Nationwide to Cotten on 8 March 1966 for a one year term. The policy was renewed for a second year, from 8 March 1967 to 8 March 1968. Forty-five days prior to 8 March 1968, Nationwide offered to renew the policy for another year by mailing to Cotten a notice of the renewal premium. When Cotten did not pay the premium by the date specified, Nationwide mailed to Cotten a written notice of termination. That notice of cancellation gave more than 15 days' notice. Nationwide also notified the North Carolina Motor Vehicles Department (the Department) of the termination; however, the notice to the Department was mailed *after* the 8 March 1968 termination date. The questions before the Supreme Court were (1) whether the cancellation was ineffective because Nationwide failed to give *the Department* 15 days notice prior to the effective date of the cancellation; and (2) if so, did the notice given by Nationwide to the Department terminate Nationwide's risk under the policy 15 days after Nationwide notified the Department?

The specific holding by the Supreme Court was that Cotten, the insured, had elected to terminate the policy by taking no action to renew it. Since the policy was terminated by the *insured*, termination was not contingent upon notice to the Department. *Cotten*, 280 N.C. at 29, 185 S.E. 2d at 188. In a dictum statement, the court went on to say that, if notice to the Department had been an issue, delayed notice *to the Department* could extend the life of the policy by 15 days from the date of the giving of the notice. *Id.* at 30, 185 S.E. 2d at 188. The issue of notice to the *insured* did not arise at all in *Cotten*.

As is readily apparent, the facts and issues below are easily distinguishable. In the case at bar, we are concerned with (1) failure to timely pay installments on the initial policy, as opposed

to failure to renew; (2) cancellation mid-term by the insurer, as opposed to termination by the insured; and (3) notice of cancellation to the insured, as opposed to notice of termination to the appropriate State agency. Given these differences, we do not believe the dictum statement in *Cotten* should control the result here. As Justice Lake stated in *Cotten*:

> The purpose of the notice to the Department of Motor Vehicles is not the same as the purpose of the notice of termination given to the policyholder. The purpose of the notice to the Department is to enable it to recall the registration and license plate issued for the vehicle unless the owner makes other provision for compliance with The Vehicle Financial Responsibility Act.

*Id.* at 29-30, 185 S.E. 2d at 188.

Strict compliance with § 20-310 is a necessity when the insurer cancels a compulsory policy mid-term. *Smith*, 315 N.C. at 272, 337 S.E. 2d at 575.

> "Once a certificate of insurance . . . has been issued by the insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions. Many common-law contractual rights are restricted by the statute. Thus, for example, there is, at common law, the absolute right to refuse to renew a policy upon the expiration of its term but this is restricted by the statute so that the policy continues in force after its expiration date without a renewal, *unless and until notice of termination is given in accordance with the statute.*"

*Perkins v. Insurance Co.*, 274 N.C. 134, 142, 161 S.E. 2d 536, 541 (1968), *quoting Teeter v. Allstate Insurance Company*, 192 N.Y.S. 2d 610, 616, *aff'd*, 212 N.Y.S. 2d 71 (1961) (emphasis added).

We hold that mid-term cancellation by the insurer of a compulsory insurance policy for nonpayment of premium installments is not effective unless and until the insurer has strictly complied with the provisions of N.C. Gen. Stat. § 20-310(f).

Thus, the policy at issue had not been cancelled at the time the accident occurred on 20 September 1981. The policy remained

Pearson v. Nationwide Mutual Ins. Co.

---

NOTICE OF CANCELLATION  DATE OF NOTICE
07-06-81

PLEASE RETURN THIS NOTICE WITH YOUR PAYMENT

FOR NON PAYMENT OF PREMIUM
ADJUSTED SEMI ANNUAL RENEWAL
FOR POLICY TERM BEGINNING 04-17-81

| 611-365-519 | 06 | 28 | 8 |
| **324 | 041 | 11 | 2979 |

PAY▶ $39.39  DUE▶ JUNE 28, 1981

| XX | 0204 | 000 00 | 00 | | 1.10 |

BARBARA ROBBINS
HARRINGTON
598 W GRIMES STREET
HIGH POINT
NC  27260

Because . . . . Your premium has not been received, this auto
policy is terminated at 12.01 A.M. on the 30th day after the
due date

**IMPORTANT**

You may keep this protection continuous if your payment is
received before the termination date. We would like to con-
tinue serving you. Won't you take a minute now to send your
payment? Make sure you have continuous protection against
serious financial loss.

If you've sent us a check please accept this as our
thanks.

See reverse side for information regarding
your right to review at hearing

132 11 08 365519 9 3939

ISSUED THROUGH OFFICE AT:
NATIONWIDE MUTUAL INS. CO.
4401 CREEDMOOR RD.
RALEIGH, N.C.  27656

**NATIONWIDE INSURANCE**

000748

---

NOTICE OF CANCELLATION  J.L. HOGLE  2979 BARBARA ROBBINS HARRING
Agent's                                     598 W GRIMES STREET
Copy   611-365-519    06 28 81 32  041 0015 HIGH POINT
COVERAGE

"I CERTIFY THIS IS A TRUE AND CORRECT RECONSTRUCTED COPY OF THE NOTICE OF
CANCELLATION FOR POLICY NUMBER 611-365-519"

_(signature)_ (signature)     4 29 87 (date)

| NCRF ASSESSMENT RECOUP | 1.82 |
| NCRF LOSS RISK RECOUP | 5.23 |
| NCRF CLEAN RISK RECOUP | 0.43 |

| RENEWAL PREM | 32.00 |

$39.39 INSTALLMENT DUE INCLUDES $1.00 INSTALLMENT PREMIUM LOADING

In re Easement in Fairfield Park

in effect until 17 October 1981, the termination date specified in the policy when it was issued, because defendant failed to give notice in accordance with the statutory provisions. The trial court should have granted plaintiff's motion for summary judgment. Accordingly, the order of the trial court is reversed and the case remanded for entry of summary judgment for plaintiff.

Reversed and remanded.

Judges EAGLES and SMITH concur.