JAMES PEARSON v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 310PA88

(Filed 6 September 1989)

1. **Insurance § 95.1— automobile insurance—nonpayment of premium—notice of cancellation—effective date**

   An insurer's notice of cancellation of an automobile insurance policy must state the date on which the cancellation is to become effective, and when cancellation is for nonpayment of premium, the date so stated must be at least fifteen days from the date the insurer mails or delivers the notice. N.C.G.S. §§ 20-310(f)(2), 20-310(d)(1), and 20-310(e)(4).

   **Am Jur 2d, Insurance §§ 387 et seq.**

2. **Insurance § 95.1— automobile insurance—nonpayment of premium—notice of cancellation—failure to state effective date and provide fifteen days**

   Defendant insurer's notice of cancellation of an automobile liability policy for nonpayment of premium did not comply with the cancellation statutes where (1) it failed to state the date upon which cancellation was to become effective, and (2) however one calculates the cancellation date pursuant to the notice, the latest possible cancellation date failed to provide the insured with the statutorily required fifteen days from the date of mailing of the notice.

   **Am Jur 2d, Insurance §§ 387 et seq.**

**3. Insurance § 95.1— automobile insurance—nonpayment of premium—notice of cancellation—strict compliance with statute**

In order to cancel an automobile insurance policy for nonpayment of premium, the insurer must strictly comply with the requirements of the automobile insurance cancellation notice statute, N.C.G.S. § 20-310(f), both as to stating the effective date of cancellation and giving the statutorily required time period.

**Am Jur 2d, Insurance §§ 387 et seq.**

**4. Insurance § 95.1— automobile insurance—nonpayment of premium—notice of cancellation—failure to state effective date and provide required time—no substantial compliance with statute**

A cancellation notice which both fails to state the date upon which cancellation becomes effective, as required by statute, and fails to give by its terms the statutorily required period of time does not comply, even substantially, with the notice statute.

**Am Jur 2d, Insurance §§ 387 et seq.**

**5. Insurance § 95.1— automobile insurance—notice of cancellation—specification· of effective date**

For the protection of both the motoring public and the insured, automobile insurance cancellation dates must be expressly and carefully specified with certainty.

**Am Jur 2d, Insurance §§ 387 et seq.**

**6. Insurance § 95.1— automobile insurance—notice of cancellation—"state the date" requirement**

The automobile insurance notice of cancellation statute, N.C.G.S. § 20-310(f)(2), does not require that the date of cancellation be stated only when the policy is being cancelled for reasons other than nonpayment of premium. Rather, the legislature intended for the "state the date" requirement to apply to cancellation notices when cancellation is either for nonpayment of premium or for some other reason.

**Am Jur 2d, Insurance §§ 387 et seq.**

7. Insurance § 95.1 — automobile insurance — effect of insufficient notice of cancellation

Where the insurer's mid-term notice of cancellation of an automobile insurance policy for nonpayment of premium failed to comply with the statutory requirements of N.C.G.S. § 20-310(f), the notice was not effective to cancel the policy, and the policy remained in effect until the termination date specified in the policy when it was issued.

**Am Jur 2d, Insurance §§ 387 et seq.**

ON discretionary review of the Court of Appeals' decision, 90 N.C. App. 295, 368 S.E.2d 406 (1988), reversing summary judgment for defendant entered by *Ross, J.*, at the 12 June 1987 Civil Session of the Superior Court, GUILFORD County. Heard in the Supreme Court 10 April 1989.

*Haworth, Riggs, Kuhn and Haworth, by William B. Haworth,* for plaintiff appellee.

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates,* for defendant appellant.

EXUM, Chief Justice.

This is an action to recover an unsatisfied judgment which plaintiff claims defendant is obligated to pay under an automobile liability insurance policy issued by defendant to its insured. Plaintiff was injured while riding as a passenger in defendant's insured's automobile and obtained a judgment for damages against the insured. Refusing to pay the judgment, defendant contends that before the date of the accident causing plaintiff's injuries it had cancelled the insured's policy due to nonpayment of premiums. The question presented is whether defendant's notice of cancellation complied with the statutory requirements of N.C.G.S. § 20-310 governing such notices. The Court of Appeals, contrary to the trial court's ruling, concluded it did not. *Pearson v. Nationwide Mutual Ins. Co.*, 90 N.C. App. 295, 301-02, 368 S.E.2d 406, 410, *disc. rev. denied*, 323 N.C. 175, 373 S.E.2d 112, *rec'n and disc. rev. granted*, 323 N.C. 477, 373 S.E.2d 866 (1988). We affirm the Court of Appeals' decision.

I.

Both parties moved in superior court for summary judgment. The factual showing made by the parties was as follows:

PEARSON v. NATIONWIDE MUTUAL INS. CO.

[325 N.C. 246 (1989)]

On 20 September 1981 plaintiff was injured while riding as a passenger in a 1977 Datsun automobile the title to which was registered in the name of defendant's insured, Ms. Barbara Harrington, and which was being operated by her husband, Mr. Charles Harrington. On 18 August 1986, in a civil action against Mr. and Ms. Harrington to recover damages for the injuries suffered in the accident, plaintiff recovered a judgment for $73,000.00 which has since remained wholly unsatisfied.

On 17 April 1981 defendant issued an automobile liability policy to Ms. Harrington. The policy declarations page provided that the policy period was from 4/17/81 to 10/17/81 "BUT ONLY IF THE RE-QUIRED PREMIUM FOR THIS PERIOD HAS BEEN PAID." Ms. Harrington chose defendant's policy option of paying her premium on an installment plan under which she made an initial payment of $40.40 with the balance to be paid in a single, second payment. The declarations page stated "YOUR NEXT INSTALLMENT WILL BE $39.39 DUE ON 06-28-81 PLUS AN INSTALLMENT PREMIUM LOADING OF $1.00."

On 8 June 1981 defendant mailed to Ms. Harrington a "PREMIUM NOTICE" which stated that an installment payment of $39.39 for her policy was due on 28 June 1981.

On 6 July 1981 defendant, having failed to receive the second payment, mailed to Ms. Harrington's last known address a "NOTICE OF CANCELLATION FOR NON PAYMENT OF PREMIUM." This notice showed a premium of $39.39 "DUE" on 28 June 1981. It stated in part:

Because . . . . Your premium has not been received, this auto policy is terminated at 12:01 A.M. on the 20th day after the due date.

IMPORTANT

You may keep this protection continuous if your payment is received before the termination date. We would like to continue serving you. Won't you take a minute now to send your payment?

On this factual showing the trial court allowed defendant's motion for summary judgment, holding the policy was effectively cancelled before, and provided no coverage for, the accident in which plaintiff was injured. The Court of Appeals reversed and remanded for entry of summary judgment for plaintiff. *Id.* at 303,

368 S.E.2d at 410. The Court of Appeals held "that mid-term cancellation by the insurer of a compulsory insurance policy for nonpayment of premium installments is not effective unless and until the insurer has strictly complied with the provisions of N.C. Gen. Stat. § 20-310(f)." *Id.* at 301, 368 S.E.2d at 410. The court concluded that since defendant failed to give notice of cancellation in accordance with the statute "[t]he policy remained in effect until 17 October 1981, the termination date specified in the policy when it was issued . . . ." *Id.* at 301-02, 368 S.E.2d at 410. We ultimately allowed defendant's petition for further review, and we now affirm the decision of the Court of Appeals.

II.

The provisions of N.C.G.S. § 20-310 pertinent to this case are as follows:

> (f) No cancellation or refusal to renew by an insurer of a policy of automobile insurance shall be effective unless the insurer shall have given the policyholder notice at his last known post-office address by certificate of mailing a written notice of the cancellation or refusal to renew. Such notice shall:
>
> . . . .
>
> (2) *State the date,* not less than 60 days after mailing to the insured of notice of cancellation or notice of intention not to renew, on which such cancellation or refusal to renew shall become effective, *except that such effective date may be 15 days from the date of mailing or delivery* when it is being cancelled or not renewed for the reasons set forth in subdivision (1) of subsection (d) and in subdivision (4) of subsection (e) of this section;

N.C.G.S. § 20-310(f)(2) (1983 & Cum. Supp. 1988) (emphases supplied). Subdivision (1) of subsection (d) states:

> No insurer shall cancel a policy of automobile insurance except for the following reasons:
>
> (1) The named insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof, whether payable to the company or its agent either directly or indirectly under any premium finance plan or extension of credit.

N.C.G.S. § 20-310(d)(1) (1983). Likewise, subdivision (4) of subsection (e) states:

> No insurer shall refuse to renew a policy of automobile insurance except for one or more of the following reasons:
>
> . . . .
>
> (4) The named insured fails to discharge when due any of his obligations in connection with the payment of premium for the policy or any installment thereof, whether payable to the company or its agent either directly or indirectly under any premium finance plan or extension of credit.

N.C.G.S. § 20-310(e)(4) (1983).

[1] In summary the statutes provide in part that an insurer's notice of cancellation of automobile insurance must state the date on which the cancellation is to become effective. The statutes also require that, when cancellation is for nonpayment of premiums, the date so stated be at least fifteen days from the date the insurer mails or delivers the notice. *See* J. Snyder, Jr., *N.C. Automobile Insurance Law* § 6-1 (1988). Defendant's cancellation notice, which it mailed on 6 July 1981, showed the second installment on the premium "DUE" on 28 June 1981. It then advised the insured that the policy would be cancelled effective "the 20th day after the due date" if payment was not made "before the termination date."[1]

[2] Defendant's cancellation notice does not comply with the cancellation statutes. First, it fails to "[s]tate the date" upon which cancellation is to become effective. N.C.G.S. § 20-310(f)(2) (1983 & Cum. Supp. 1988). Rather the notice requires whoever may be concerned to try to ascertain this date by making a date calculation. Date calculations can be problematical at best,[2] as the one in this

---

1. In our discussion of the sufficiency of this notice which follows, we overlook the ambiguity in the words, "termination date." It would not be unlikely that an insured could think this to mean the date on which the policy by its terms terminates rather than, as is probably intended by the insurer, the date on which the policy is cancelled pursuant to the notice.

2. Lawyers have enough difficulty with date calculations that it was thought well to have a rule in our Rules of Civil Procedure dealing with the subject. Rule 6(a) provides in part that in computing periods of time

case aptly illustrates.[3] Second, however one calculates the cancellation date pursuant to defendant's cancellation notice, using either Rule 6(a) or N.C.G.S. § 103-5, or both, or neither,[4] the latest possible cancellation date is Monday, 20 July 1981. This date fails to provide the insured with the statutorily required fifteen days from the date of mailing of the notice; for fifteen days from that date, 6 July 1981, is Tuesday, 21 July 1981, figured according to Rule 6(a).

Defendant, conceding that it has not complied strictly with the automobile insurance cancellation notice statute, N.C.G.S. § 20-310(f), argues that only substantial compliance is required and that it has substantially complied so that the cancellation notice should be given effect. Defendant argues that the cancellation notice should be construed so as to make the effective date of cancellation 21 July 1981, fifteen days from the date it mailed the notice, figured according to Rule 6(a).

[3, 4] We conclude, both as to stating the date and giving the statutorily required period of time, that the insurer must strictly

---

prescribed . . . by any applicable statute, . . . the day of the act . . . after which the . . . period . . . begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday.

N.C.R. Civ. P. 6(a).

3. Is the date calculation required by defendant's notice of cancellation to be made according to Rule 6(a)? See n.2, above. If it is, because the period of time the notice is required to give is prescribed by statute, then the first problem here would be to determine the day of the event after which the period of time begins to run. The date the second installment on the premium was due was 28 June 1981, which was a Sunday. N.C.G.S. § 103-5 provides in pertinent part: "Where the day or the last day for doing an act required or permitted by law to be done falls on Sunday or a holiday the act may be done on the next succeeding secular or business day . . . ." If N.C.G.S. § 103-5 applies, the actual "due date" of this installment becomes Monday, 29 June 1981. The twentieth date after this due date is 19 July 1981, a Sunday. Again, however, if Rule 6(a) applies, the twenty day period would be extended to Monday, 20 July 1981. On the other hand if neither Rule 6(a) nor N.C.G.S. § 103-5 apply, then one could argue that the 20 day period after the "due date" called for in the cancellation notice expired on Saturday, 18 July 1981. Other calculations are possible if either Rule 6(a) or N.C.G.S. § 103-5, but not both, applies. It is apparent that the legislature exercised great wisdom in requiring that insurance cancellation notices "[s]tate the date" upon which the cancellation becomes effective. N.C.G.S. § 20-310(f)(2) (1983 & Cum. Supp. 1988).

4. See n.3, supra, for a discussion of the possible applicability of Rule 6(a) and N.C.G.S. § 103-5 to this case.

comply with the statute. We also conclude that a cancellation notice which both fails to state the date upon which cancellation becomes effective, as required by the statute, and fails to give by its terms the statutorily required period of time does not comply, even substantially, with the statute.

[5] For the protection of both the motoring public and the insured, automobile insurance cancellation dates must be expressly and carefully specified with certainty. They should not be left to the possible vagaries of date calculations nor to the uncertainties which result when less than the statutorily prescribed period of time has been given. When accidents occur and questions of insurance coverage arise it becomes essential to know the precise date and time at which a policy, which might otherwise provide coverage, was in fact and in law cancelled. The insured also should know with precision the date upon which he or she must act to avoid loss of coverage. *See Levinson v. Indemnity Co.*, 258 N.C. 672, 674, 129 S.E.2d 297, 300 (1963); J. Snyder, Jr., *N.C. Automobile Insurance Law*, § 6-1 (1988). Insureds should not be expected to make what can become relatively complex date calculations to ascertain a date of such crucial importance, nor should they be expected to reason that the date stated or calculated is not really the effective date because it does not give them the time period mandated by the statute. Were defendant's position adopted, notices, like the one at issue here, failing to state the date or giving less than the statutorily required period of time, would necessarily make uncertain the precise date of cancellation. Given the purposes of the statutory requirements, such notices should not suffice to cancel a policy.

Our cases support these conclusions. The provisions of The Vehicle Responsibility Act of 1957, of which N.C.G.S. § 20-310 is a part, must be read into insurance policies and construed liberally so as to effectuate the purpose of that act. *Harrelson v. Insurance Co.*, 272 N.C. 603, 610, 158 S.E.2d 812, 817-18 (1968); *see Insurance Co. v. Hale*, 270 N.C. 195, 200, 154 S.E.2d 79, 84 (1967). "The purpose of that act is to assure the protection of liability insurance, or other type of established financial responsibility, up to the minimum amount specified in the act, to persons injured by the negligent operation of a motor vehicle upon the highways of this State." *Harrelson v. Insurance Co.*, 272 N.C. at 610, 158 S.E.2d at 818; *accord Perkins v. Insurance Co.*, 274 N.C. 134, 140, 161 S.E.2d 536, 540 (1968); *Insurance Co. v. Hale*, 270 N.C. at 200,

PEARSON v. NATIONWIDE MUTUAL INS. CO.

[325 N.C. 246 (1989)]

154 S.E.2d at 84. In order to cancel a policy the carrier must comply with the procedural requirements of the statute or the attempt at cancellation fails and the policy will continue in effect despite the insured's failure to pay in full the required premium. *Perkins v. Insurance Co.*, 274 N.C. at 140, 161 S.E.2d at 540; *see, e.g., Harrelson v. Insurance Co.*, 272 N.C. at 610-11, 158 S.E.2d at 818; *Insurance Co. v. Hale*, 270 N.C. at 200, 154 S.E.2d at 84; *Levinson v. Indemnity Co.*, 258 N.C. at 674, 129 S.E.2d at 300; J. Snyder, Jr., *N.C. Automobile Insurance Law* § 6-1 (1988).

This Court has recognized

> that where a compulsory automobile insurance policy is cancelled by the insurer mid-term or where the carrier refuses to renew a compulsory policy, it is a serious matter for the insured. The provisions of N.C.G.S. 20-310 exist for precisely such cases. They require the carrier to give the policyholder *specific* notice . . . .

*Smith v. Nationwide Mut. Ins. Co.*, 315 N.C. 262, 272, 337 S.E.2d 569, 575 (1985) (emphasis supplied). Moreover, this Court has stated that notice provisions of earlier versions of our current N.C.G.S. § 20-310(f) are "mandatory." *Perkins v. Insurance Co.*, 274 N.C. at 140, 161 S.E.2d at 540.[5]

Defendant relies essentially on this Court's decision in *Crisp v. Insurance Co.*, 256 N.C. 408, 124 S.E.2d 149 (1962), for the

---

5. The version of N.C.G.S. § 20-310 relevant to the decision in *Perkins v. Insurance Co.*, 274 N.C. 134, 161 S.E.2d 536 (1968) provided:

> "No contract of insurance or renewal thereof shall be terminated by cancellation or failure to renew by the insurer until at least fifteen (15) days after mailing a notice of termination to the named insured at the address shown on the policy. Time of the effective date and hour of termination stated in the notice shall become the end of the policy period. Every such notice of termination for any cause whatsoever sent to the insured shall include on the face of the notice a statement that proof of financial responsibility is required to be maintained continuously throughout the registration period and that operation of a motor vehicle without maintaining such proof of financial responsibility is a misdemeanor. Upon the termination of insurance by cancellation or failure to renew, notice of such cancellation or termination shall be mailed by the insurer to the Commissioner of Motor Vehicles not later than fifteen (15) days following the effective date of such cancellation or other termination."

*Id.* at 139, 161 S.E.2d at 539.

**PEARSON v. NATIONWIDE MUTUAL INS. CO.**

[325 N.C. 246 (1989)]

proposition that a policy may be effectively cancelled by an insurer who merely *substantially* complies with N.C.G.S. § 20-310(f). In *Crisp* this Court stated: "In order to effectively cancel a policy an insurer must substantially comply with the requirements of [N.C.G.S. § 20-310]." *Id.* at 414, 124 S.E.2d at 154. We went on to hold in *Crisp*, however, that the cancellation notice mailed to the insured was void and ineffective to cancel the insured's policy because the notice failed to include on its face, as required by statute, the following: " '[A] statement that proof of financial responsibility is required to be maintained continuously throughout the registration period and that operation of a motor vehicle without maintaining such proof of financial responsibility is a misdemeanor.' " *Id.* Though we did use the words "substantially comply," we also emphasized the statute's mandatory language that the omitted statement "*shall* be included on the face of the notice," and we noted that this requirement was "not merely formal and directory." *Id.*[6]

The current cancellation provisions of N.C.G.S. § 20-310(f) also require that the notice "shall" state the date when the cancellation will become effective and, when the cancellation is due to nonpayment of premiums, that such date must be at least fifteen days from the date of mailing or delivery of notice to the insured. This language, as in *Crisp*, is also mandatory and is not merely formal and directory. *Crisp*, 256 N.C. at 414, 124 S.E.2d at 154. We therefore believe our holding requiring strict compliance with N.C.G.S. § 20-310(f) is consistent with our holding in *Crisp*.

As further support for our holding, we note that our 1957 Vehicle Financial Responsibility Act was essentially copied from the New York statute and this Court has looked to that jurisdiction for guidance when interpreting the notice of cancellation provisions of N.C.G.S. § 20-310. *See Nixon v. Insurance Co.*, 258 N.C. 41, 44, 127 S.E.2d 892, 894 (1962); *Faizan v. Insurance Co.*, 254 N.C. 47, 57-58, 118 S.E.2d 303, 310-11 (1961). In interpreting the statutory equivalent of N.C.G.S. § 20-310(f), New York's highest court has stated "[i]t is well established that a notice of cancellation is ineffective unless in strict compliance with the requirements of [the statute] and of regulations of the Commissioner if properly filed and not inconsistent with specific statutory provision." *Barile v. Kavanaugh*,

---

6. The version of N.C.G.S. § 20-310 construed in *Crisp v. Insurance Co.*, 256 N.C. 408, 124 S.E.2d 149 (1962), is identical to that set out above in n.4. *Id.* at 413-14, 124 S.E.2d at 153-54.

PEARSON v. NATIONWIDE MUTUAL INS. CO.

[325 N.C. 246 (1989)]

67 N.Y.2d 392, 399, 494 N.E.2d 82, 86, 502 N.Y.S.2d 977, 981 (1986) (citations omitted).[7]

Finally, it is held generally in other jurisdictions that strict compliance by the insurer with a statute governing cancellation notices is essential to effect cancellation by such notices. *See* 43 Am. Jur. *Insurance* § 388 (1982); 45 C.J.S. *Insurance* § 450b.(1) (1946).

To support its argument that its notice should not fail merely because it provides less than the statutorily required period, defendant relies essentially on *Faizan v. Insurance Co.*, 254 N.C. at 47, 118 S.E.2d at 303, *Nixon v. Insurance Co.*, 258 N.C. at 41, 127 S.E.2d at 892, and *Insurance Co. v. Cotten*, 280 N.C. 20, 185 S.E.2d 182 (1971). None of these decisions compel our adoption of defendant's position.

In *Faizan* we held that a notice of cancellation containing an erroneous expiration date did not extend the insured's coverage because the insured had previously failed to accept the insurer's offer of renewal. *Faizan*, 254 N.C. at 59, 118 S.E.2d at 311-12. Our holding in *Faizan* did not rest on the proposition that the insurance contract was terminated by the insurer, but rather on the proposition that the insured rejected the company's offer to renew its policy upon the condition that the insured pay a premium

---

7. The New York statutory equivalent of N.C.G.S. § 20-310(f)(2) states in relevant part:

> No contract of insurance for which a certificate of insurance has been filed with the commissioner shall be terminated by cancellation by the insurer until at least twenty days after mailing to the named insured at the address shown on the policy a notice of termination by regular mail, with a certificate of mailing, properly endorsed by the postal service to be obtained, except where the cancellation is for non-payment of premium in which case fifteen days notice of cancellation by the insurer shall be sufficient, provided, however, if another insurance contract has been procured, such other insurance contract shall, as of its effective date and hour, terminate the insurance previously in effect with respect to any motor vehicles designated in both contracts. No contract of insurance for which a certificate of insurance has been filed with the commissioner in which a natural person is the named insured and the motor vehicle is used predominantly for non-business purposes shall be non-renewed by an insurer unless at least forty-five, but not more than sixty days in advance of the renewal date the insurer mails or delivers to the named insured at the address shown on the policy a written notice of its intention not to renew . . . . Time of the effective date and hour of termination stated in the notice shall become the end of the policy period.

N.Y. Vehicle and Traffic Law § 313(1)(a) (McKinney 1986).

PEARSON v. NATIONWIDE MUTUAL INS. CO.

[325 N.C. 246 (1989)]

by a stated date. *Id.* Since the insured rejected renewal of the policy and obtained other insurance, this Court held that the insurer "was under no obligation to give plaintiff further notice of termination under the provisions of G.S. 20-310." *Id.* at 59, 127 S.E.2d at 312. Here in contrast, there was no rejection of a renewal offer by the insured; rather there was only defendant's attempt to cancel the six-month policy for nonpayment of premiums. The provisions of N.C.G.S. § 20-310(f) remained controlling, and defendant was required to comply strictly with them. *See, e.g., Perkins v. Insurance Co.*, 274 N.C. at 140, 161 S.E.2d at 540; J. Snyder, Jr., *N.C. Automobile Insurance Law* § 6-1 (1988).

In *Nixon* and *Cotten* we held that when the insured's policy was effectively cancelled in compliance with the applicable statutory provisions, coverage ended upon the date stated in the insurer's notice, notwithstanding that the insurer's notice of cancellation to the then Department, or Commissioner, of Motor Vehicles was defective under the statute. *Cotten*, 280 N.C. at 29-30, 185 S.E.2d at 188; *Nixon*, 258 N.C. at 43-44, 127 S.E.2d at 894.[8] Again, as with *Faizan*, *Nixon* and *Cotten* are factually distinguishable from the case before us. Central to our holding in *Nixon* and *Cotten* was that the notice under scrutiny was the notice required to be sent to the then Department, or Commissioner, of Motor Vehicles rather than the notice required to be sent to the insured. *Id.* We noted the legal distinction between the two types of notices, stating:

It was stipulated that the notice of cancellation *to insured* fully complied with the requirements of the statute . . . . This is crystal clear; the cancellation was effective . . . at the hour stated in the notice. Neither defective notice, nor failure to give notice, *to the Commissioner* affects the validity or binding effect of the cancellation; the notice to the Commissioner serves an entirely different purpose. . . . Notice to the Commissioner *follows* cancellation. Notice of cancellation

---

8. In *Cotten* the statute at issue, N.C.G.S. § 20-309(e), required the insurer to notify the Department of Motor Vehicles "immediately" upon termination of an insured's policy. *Insurance Co. v. Cotten*, 280 N.C. 20, 29, 185 S.E.2d 182, 188 (1971). In *Nixon* the relevant statute at issue, N.C.G.S. § 20-310 stated in part: "Upon the termination of insurance by cancellation or failure to renew, notice of such cancellation or termination shall be mailed by the insurer to the Commissioner of Motor Vehicles not later than fifteen (15) days following the effective date of such cancellation or other termination." *Nixon v. Insurance Co.*, 258 N.C. 41, 43, 127 S.E.2d 892, 894 (1962).

could not be mailed to the Commissioner if there had been no cancellation. The language of the statute relative to notice of cancellation to the Commissioner is in sharp contrast with the provision relating to notice to insured. The notice to Commissioner is for the purpose of alerting him to the fact that the motor vehicle owner no longer maintains financial responsibility, and that owner's registration and license plates are subject to recall. . . . Cancellation of a policy is not conditioned upon the statutory notice to Commissioner.

*Nixon v. Insurance Co.,* 258 N.C. at 43-44, 127 S.E.2d at 894; *accord Insurance Co. v. Cotten,* 280 N.C. at 29-30, 185 S.E.2d at 188.

## III.

[6]　Finally, defendant argues the notice of cancellation statute contains an exception to the "[s]tate the date" requirement which is triggered when the policy is cancelled for nonpayment of premium. N.C.G.S. § 20-310(f)(2) (1983 & Cum. Supp. 1988). Defendant would construe the statute to require stating the date only when the policy is being cancelled for reasons other than nonpayment of premium. When cancelled for nonpayment of premium, defendant argues, the statute both provides a new notice period and eliminates the "[s]tate the date" requirement.

We disagree. Construing the statute to give effect to its purpose, we read N.C.G.S. § 20-310(f)(2), insofar as it deals with a cancellation notice for nonpayment of premium, not to create an exception to the "[s]tate the date" requirement, but rather to create an exception only to the period of time required to be given in the notice. *See* J. Snyder, Jr., *N.C. Automobile Insurance Law* § 6-1 (1988). We do not think it reasonable to construe the statute to eliminate the requirement of stating the date when cancellation is for nonpayment of premium. Because automobile insurance cancellation has the effect of rendering the insured and third parties without automobile insurance protection, there is, for reasons we have already noted, a need to establish the cancellation date with precision. The legislature recognized this need by requiring the cancellation notice to "[s]tate the date" of cancellation. Because the effect of cancellation insofar as it deprives the insured and third parties of insurance protection is the same whether the cancellation is for nonpayment of premium or for some other reason, the need for precision in establishing the cancellation date remains the same in both instances. The need for precision being the same

and being satisfied by the "[s]tate the date" requirement, we are confident the legislature intended this requirement to apply to cancellation notices when cancellation is either for nonpayment of premium or for some other reason.

[7] In conclusion and for the reasons stated, we hold that defendant's notice of cancellation failed to comply with the statutory requirements of N.C.G.S. § 20-310(f). The notice was not, therefore, effective to cancel the policy at issue. This policy remained in effect until 17 October 1981, the termination date specified in the policy when it was issued. The Court of Appeals' decision reversing the trial court's summary judgment for defendant and remanding for entry of summary judgment for plaintiff is

Affirmed.