■ In the Matter of Arbitration between ALLCITY INSURANCE COMPANY, Respondent, and YVES ATOULON et al., Respondents; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant. In

the Matter of Arbitration between ALLCITY INSURANCE COMPANY, Respondent, and CARLINE MILORD et al., Respondents; NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant. [678 NYS2d 327] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered on or about May 20, 1997, which, in proceedings to stay uninsured motorist arbitrations demanded by respondents driver and passenger against petitioner insurer of the driver's vehicle, granted the applications upon a finding that the offending vehicle was covered by a policy issued by additional respondent insurer, unanimously affirmed, without costs.

The notice of cancellation sent by additional respondent insurer to its insured was clearly a mid-term cancellation of an existing policy, where the insurer had offered and the insured had agreed to renew the policy shortly before its December 1993 expiration date, the insured had made three of four premium installment payments between December 1993 and March 1994, and the insurer sent the notice of cancellation in April 1994 shortly after the insured's failure to pay the fourth installment. Nor is there anything on the face of this "notice of cancellation" to indicate that it was actually a notice of non-renewal. Accordingly, the notice, to be effective, had to strictly comply with the requirements of North Carolina General Statutes former § 20-310 (f), but did not, in that it did not advise the insured that she had a right to have the cancellation reviewed by the Commissioner of Insurance and that operating a motor vehicle without insurance is a misdemeanor involving certain penalties (paras [4], [5]). Absent such compliance, the policy "continue[d] in effect despite the insured's failure to pay in full the required premium" (*Pearson v Nationwide Mut. Ins. Co.*, 325 NC 246, 254, 382 SE2d 745, 748 citing, *inter alia*, *Perkins v American Mut. Fire Ins. Co.*, 274 NC 134, 140, 161 SE2d 536, 540), even after its scheduled June 1994 expiration date (*cf.*, *Perkins v American Mut. Fire Ins. Co.*, *supra*, 274 NC, at 142, 161 SE2d, at 541, quoting *Teeter v Allstate Ins. Co.*, 9 AD2d 176, 181, *affd* 9 NY2d 655). It therefore does not avail additional respondent insurer that the accident occurred in November 1994. Concur—Rosenberger, J. P., Ellerin, Wallach and Williams, JJ.